# THE

# NEW YORK SUPPLEMENT

## VOLUME 160

(174 App. Div. 906)

### LAZENBY v. INTERNATIONAL COTTON MILLS CORP. et al.

(Supreme Court, Appellate Division, First Department.  July 10, 1916.)

CORPORATIONS ⬦⟹584—FRAUDULENT SALE—RIGHTS OF STOCKHOLDERS—OPTION.

Where stockholders sue to set aside alleged fraudulent sale of assets after dissolution and consolidation, a judgment for plaintiffs should give them the right to elect whether they will take stock of the purchasing company, or the value of their shares in the old company as of the date of the sale, in return for their stock.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2343-2347; Dec. Dig. ⬦⟹584.]

Appeal from Judgment on Report of Referee.

Action by Francis A. Lazenby against the International Cotton Mills Corporation and others.  From a judgment on the report of the referee, dismissing the complaint on condition, plaintiff and interveners appeal; and from so much of the judgment as imposes a condition, defendants appeal.  Modified and affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, DOWLING, and DAVIS, JJ.

William L. Marbury, of Baltimore, and William H. Page, of New York City, for plaintiff-appellant.

Irwin Untermyer, of New York City, for defendants.

PER CURIAM.  Both parties appeal from a judgment entered upon the report of a referee dismissing complaint upon the merits, provided the defendants tender to the plaintiff and the stockholders who have intervened or joined with him in the action certain shares of the common stock of the International Cotton Mills Corporation of Massachusetts, and, in case the tender be not made, then an interlocutory judgment should be entered, providing that the plaintiffs recover from the defendants the value of the stock directed to be tendered, such value to be determined by a reference; that if the tender be made, and the complaint dismissed, defendants recover but one-half their costs; and, in case the complaint be not dismissed, then no costs be recovered.  The plaintiff and the intervening stockholders have appealed from the entire judgment.  Defendants appeal from only so much of it as decrees that the plaintiff and the interveners recover the

shares of stock referred to, and also in so far as it awards to defendants only one-half the costs.

The action is brought by the holder of 90 shares of the preferred stock of an outstanding issue of over 58,000 shares of the defendant International Cotton Mills Corporation of New York—(a) to set aside a dissolution of the New York corporation, which was consummated under section 221 of the General Corporation Law of New York (Consol. Laws, c. 23); (b) to declare void and set aside a sale of the assets of the New York corporation to the International Cotton Mills Corporation of Massachusetts; (c) to direct a retransfer to the New York corporation of the assets transferred; (d) to require the Massachusetts corporation to account for the property received; and (e) to enjoin the Massachusetts corporation and its officers from selling or incumbering the property transferred to it by the New York corporation.

The trial was a long one, and the record on appeal is voluminous. It would serve no useful purpose to review the evidence. It is sufficient to say we are of the opinion that the same fairly sustains the findings and conclusions of the referee, and we are entirely satisfied with the judgment entered upon his report, and the reasons assigned in his opinion therefor, except we think the plaintiff and the interveners should have an option, if they so desire, to take in cash the value of their stock in the New York corporation, at the time the consolidation took effect, instead of the stock of the Massachusetts corporation directed in the judgment to be tendered to them. In case they elect to take such value, then the same to be determined by an appraisal, as provided in section 17 of the Stock Corporation Law (Consol. Laws, c. 59).

The judgment appealed from, therefore, is modified, as indicated in this memorandum, and, as thus modified, affirmed, without costs to either party. Settle order on notice.